JOURNAL ENTRY AND OPINION
{¶ 1} After entering pleas of guilty in two separate cases to numerous charges of grand theft, attempted grand theft, theft, receiving stolen property, and possession of criminal tools, defendant-appellant Donald Hein appeals, asserting the trial court erred in accepting his pleas.
 {¶ 2} Hein presents one assignment of error in which he argues the trial court failed to fulfill its duty to ascertain whether his pleas were knowingly, voluntarily and intelligently made.
 {¶ 3} Since a review of the record, however, demonstrates the trial court complied with all the requirements of Crim. R. 11(C)(2), Hein's assignment of error is overruled, and his convictions are affirmed.
 {¶ 4} Hein first was indicted in CR-497492 on two counts, viz., grand theft of a motor vehicle[1] and possession of criminal tools, [2] to wit: tire iron.
 {¶ 5} Two months later, Hein was indicted in CR-500036 on thirty-four counts; it can be gleaned from the record these charges resulted from a summer "crime spree" which took place at the Cleveland Metroparks Zoo parking lot.[3] Hein was charged with twenty-seven counts of grand theft of a motor vehicle, *Page 4 
two counts of attempted grand theft of a motor vehicle, four counts of receiving stolen property, and one count of possession of criminal tools.[4]
 {¶ 6} Although Hein entered not guilty pleas to all of the charges at his arraignments, he later agreed otherwise. Consequently, the trial court conducted a hearing on the matter.
 {¶ 7} The prosecutor stated at the outset that he understood, after providing "full disclosure" to Hein's defense counsel, that Hein would like to "switch" his pleas in both cases. In exchange, the state would amend the first count in CR-497492 to include R.C. 2923.02, the attempt statute. Otherwise, the state "had made no threats to induce a plea, nor * * * made any promises * * *."
 {¶ 8} In response, Hein's defense counsel indicated he "would like to spread on the record [his] client was threatened if he did not plead to the indictment his wife would be indicted and/or [the prosecutor's office] would take the case federally via RICO."
 {¶ 9} Upon listening to this comment, the trial court directed the parties to "figure this out and [decide] what we're doing" in the cases. The proceeding went forward after a discussion off the record. *Page 5 
 {¶ 10} During the ensuing colloquy, the trial court specifically asked Hein if "any threats or promises" had been made to him to "induce [his] change of plea * * *." Hein answered, "Yes." The trial court then asked him, "What promises or threats [had] been made to [him]?"
 {¶ 11} Defense counsel interjected that Hein "was originally told he would get two years for pleading to the indictment from the Metroparks rangers." The trial court, however, reminded Hein that there would be "no restriction on any sentence" that the court decided to impose. Hein stated he understood. The court asked Hein twice more if there had been any promise or threat "in any way to get [him] to change his plea"; both times, Hein responded, "No, sir."
 {¶ 12} The trial court subsequently carefully outlined each of the constitutional rights Hein was relinquishing in entering his pleas. The court further set forth each charge against him in each case, stated the potential penalties involved for each offense, and indicated the sentences could be ordered to be served consecutively. Each time the court asked Hein if he understood, Hein responded, "Yes, sir."
 {¶ 13} Once more, the court again asked Hein if any "threats or promises" had been made "other than what [had] been stated in open court and on the record today * * *." Hein answered, "No, sir." *Page 6 
 {¶ 14} The court eventually asked Hein for his pleas in each case to each offense. Hein stated each time that he pleaded, "Guilty." Only at that point in the proceeding did the trial court accept each one of Hein's pleas.
 {¶ 15} The trial court ultimately sentenced Hein in both cases to a prison term that totaled sixty months.
 {¶ 16} Hein now challenges his convictions with the following assignment of error, which is set forth verbatim.
 {¶ 17} "I. The trial court erred when it accepted the defendant-appellant's guilty pleas in case nos.: CR-07-497492, and CR-07-500036 because they were not made knowingly and intelligently."
 {¶ 18} Hein argues that the transcript of his plea hearing raises a question whether his pleas in these two cases resulted from threats; thus, the trial court acted improperly in accepting his pleas. In view of the trial court's care in complying with Crim. R. 11(C)(2), this court disagrees.
 {¶ 19} Crim. R. 11 (C) (2) requires a court, prior to accepting a guilty plea, to address the defendant personally; the court must specify each of the constitutional rights the defendant is waiving by entering his plea, and, further, must determine, in pertinent part, that "he is making the plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved," that "he understands the effect of his plea of guilty" and that he *Page 7 
understands the court "may proceed to judgment and sentence." SeeState v. Veney, Slip Op. No. 2008-Ohio-5200.
 {¶ 20} In this case, the record reflects that the trial court complied literally with every part of Crim. R. 11(C)(2). Literal compliance with the rule necessarily means that, under the totality of the circumstances, Hein subjectively understood the implications of his plea. State v. Staten, Mahoning App. No. 03 MA 187, 2005-Ohio-1350, citing State v. Nero (1990), 56 Ohio St.3d 106.
 {¶ 21} Despite his original assertion that he changed his plea due to a "threat," Hein abandoned this assertion when the trial court questioned him specifically about it. Indeed, the court posed this question several times.
 {¶ 22} Each time, Hein indicated no threats had been made to induce him to change his plea to guilty. The court could hardly be expected to refuse to accept Hein's pleas after such careful inquiry. State v.Staten, supra; see, also, State v. Minyard (Sept. 22, 1994), Cuyahoga App. No. 65587; State v. White (Dec. 15, 1994), Cuyahoga App. No. 66610.
 {¶ 23} Accordingly, Hein's assignment of error is overruled.
 {¶ 24} Hein's convictions are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] R.C. 2913.02(A)(1).
[2] R.C. 2923.24.
[3] The prosecutor provided this information at Hein's sentencing hearing. Other comments made during the sentencing hearing intimate Hein's wife may have had some participation in Hein's criminal activity.
[4] Respectively, R.C. 2913.02(A)(1); R.C. 2913.02(A)(1)/2923.02; R.C. 2913.51; R.C. 2923.24. *Page 1