[Cite as *State v. Stokes*, 2011-Ohio-2531.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95488**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT STOKES, III

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-526816

–2–

**BEFORE:** Rocco, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

-i-

**ATTORNEY FOR APPELLANT**

Victoria Nagy Smith
Victoria Nagy Smith Co., LPA
1236 Smith Court
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Richard J. Bombik
      Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} After entering guilty pleas to charges of burglary and sexual imposition, defendant-appellant Robert Stokes, III, appeals from his convictions and the sentence imposed.

{¶ 2} Stokes presents three assignments of error. He argues the trial court failed to fulfill its duty to ascertain whether his pleas were knowingly, voluntarily, and intelligently made. He further argues that his four-year prison sentence was improper, because his mental status should have afforded him either a minimum term or community control sanctions.

{¶ 3} Upon a review of the record, this court finds no error. Stokes's convictions and sentence, therefore, are affirmed.

{¶ 4} Stokes originally was indicted in this case on three counts, charged with aggravated burglary, attempted rape, and gross sexual imposition. While his case was pending, the trial court ordered Stokes referred to the psychiatric clinic; the court sought a determination of Stokes's competence to stand trial, and a recommendation as to an appropriate disposition pursuant to R.C. 2947.06(B).

{¶ 5} Nearly four months later, Stokes's case was called for a plea hearing. The prosecutor informed the trial court that, in exchange for Stokes's guilty pleas, the state would amend the charges to one count of burglary and one count of sexual imposition, and would dismiss the attempted rape count. After the prosecutor outlined the potential penalties involved, the trial court addressed Stokes.

{¶ 6}  The court first asked Stokes if he had ever entered a guilty plea to any crime previously.  Stokes answered affirmatively.  The court proceeded to inquire about whether Stokes was "under the influence of any illegal drugs or alcohol."  Stokes told the court, "Not illegal, no, Your Honor."

{¶ 7}  The court then asked if Stokes were taking medication, and Stokes stated he was "taking medicine through the courts here."  When the court questioned, "For what?" — Stokes responded, "Prozac; schizophrenic, bipolar."  The court wanted to know if Stokes's medications "control the symptoms of [his] mental illness?"  Stokes assured the trial court, "Yes," and he was "doing a lot better."

{¶ 8}  Nevertheless, the court pursued the issue by asking if Stokes believed that he was "thinking clearly," if he understood "what the prosecutor said," whether he understood the court itself, and whether he would tell the court if the court said something he did not understand.  Stokes answered affirmatively to each question.

{¶ 9}  The trial court repeated the terms of the state's offer and asked if, other than that, any threats or promises had been made to Stokes to change his plea.  Stokes answered, "No, Your Honor."  Thereafter, the trial court described in detail each of the constitutional rights Stokes was relinquishing in entering his plea, explained each of the offenses, and set forth the penalties

involved, including the possible sentences, applicable postrelease control requirements, financial responsibilities, and sexual offender duties. Stokes indicated after each question his understanding of what the court stated.

{¶ 10} The trial court then asked Stokes if he were entering guilty pleas by his own choice and "because in fact [he] committed these crimes?" Stokes answered, "Yes, Your Honor." At that point, the trial court requested Stokes's pleas to the two offenses, accepted his guilty pleas, found him guilty, and dismissed the remaining count. The trial court thereupon ordered the preparation of a presentence report.

{¶ 11} When the case was called for sentencing, the trial court noted it had received and reviewed both the presentence report and the report prepared by the psychiatric clinic "regarding mitigation of penalty." Thereafter, the trial court invited defense counsel to speak.

{¶ 12} Defense counsel described the circumstances that surrounded the offenses and highlighted the mitigatory factors set forth in the psychiatric report. These factors included Stokes's "IQ of 68" and his diagnosis as having a "psychotic disorder not otherwise specified."

{¶ 13} According to the psychiatric evaluation, Stokes suffered from hallucinations and a "polysubstance abuse problem." Counsel suggested Stokes had been "self-medicating," since his psychosis had not been treated.

Finally, after acknowledging Stokes's lengthy criminal history, defense counsel pointed out the clinic's suggestion that Stokes was "eligible for both MDO and MRO, mental disabled offender, mentally retarded offender community control."

{¶ 14} The trial court asked Stokes if he had anything to add. Stokes told the trial court that he was now "on [his] medication, and [he was] doing a lot better."

{¶ 15} Subsequently, the prosecutor spoke, directing the trial court's attention to the fact that Stokes's "arrest cycle [was] now up to 34 since 1977. That's about 33 years." Finally, defense counsel informed the trial court that a representative from "Recovery Resources mentally disabled offender program" was present, and would verify that Stokes "would be eligible for services" if the court were inclined to make that referral.

{¶ 16} The trial court, however, commented that, after considering the sentencing statutes, the presentence and psychiatric reports, it could not ignore Stokes's "prior criminal history." Even acknowledging that Stokes had "a history of mental health issues," many of Stokes's crimes contained a "violent component," and Stokes's previous attempts at treatment had been unsuccessful.

{¶ 17} Therefore, the trial court stated:

{¶ 18} "I would probably not be doing my job if I didn't maintain the safety of the community by incarcerating you in some shape, manner or form. And that is because I do feel that you are a danger to the community untreated.

{¶ 19} "And I can't guarantee that any of the current treatment programs could maintain your security. And I do know that our prison system does have resources in which to address mental health issues * * * .

{¶ 20} "But in light of the purposes and principles of felony sentencing, I am going to find that a prison sentence is necessary in order to protect the public and not demean the seriousness of the offense with respect to that charge of burglary as amended in count one, felony of the second degree. I am going to impose a prison sentence of four years."

{¶ 21} The trial court also imposed a concurrent term of sixty days on the other count.

{¶ 22} Stokes appeals his convictions and sentence with the following three assignments of error:

{¶ 23} **"I.   The trial court erred in accepting defendant's plea of guilty, as the plea was not knowingly, intelligently, and voluntarily made.**

{¶ 24} "**II.   Defendant's sentence was contrary to law, as the trial court was required to impose the minimum sentence.**

{¶ 25} "**III.   The trial court erred in not imposing community control sanctions upon Mr. Stokes, given his mental retardation and his history of mental illness.**"

{¶ 26} In his first assignment of error, Stokes argues the trial court acted improperly in accepting his pleas.   He claims the court should have determined "in detail" whether his medication and his mental status interfered with his understanding.   In view of the trial court's care in complying with Crim.R. 11(C)(2), this court disagrees.

{¶ 27} Crim.R. 11(C)(2) requires a court, prior to accepting a guilty plea, to address the defendant personally; the court must specify each of the constitutional rights the defendant is waiving by entering his plea, and, further, must determine, in pertinent part, that "he is making the plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved," that "he understands the effect of his plea of guilty" and that he understands the court "may proceed to judgment and sentence."   See *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶ 28} In this case, the record reflects that the trial court complied literally with every part of Crim.R. 11(C)(2).   The court's literal compliance, along with Stokes's assurances and completely appropriate responses during the colloquy, necessarily means that,

under the totality of the circumstances, he subjectively understood the implications of his plea. *State v. Lancaster,* Cuyahoga App. Nos. 92463 and 92842, 2009-Ohio-5373, citing *State v. Hein*, Cuyahoga App. No. 90807, 2008-Ohio-5880; see, also, *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.

{¶ 29} The trial court not only asked about Stokes's medication, but, before proceeding with the plea hearing, also required appropriate reassurances from him about its effect on him and his mental state. Under these circumstances, the trial court cannot be faulted for accepting Stokes's pleas. *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶66-68.

{¶ 30} Accordingly, his first assignment of error is overruled.

{¶ 31} Stokes asserts in his second and third assignments of error that the trial court acted improperly in these cases when it imposed a four-year prison sentence rather than either the minimum term or community control sanctions. Once again, his assertions lack persuasiveness.

{¶ 32} The Ohio Supreme Court set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-2372, 896 N.E.2d 124, ¶4:

{¶ 33} "In applying [*State v.*] *Foster* [109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470] to the existing statutes, appellate courts must apply a two-step approach. First, they

must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶ 34} Pursuant to *Foster* and *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, trial courts retain "full discretion" to impose a prison sentence within the statutory range; courts no longer are required to make findings. *Kalish*, ¶1. Thus, as long as the sentence is supported in the record and complies with the law, it will be upheld on appeal. *State v. McCullen*, Cuyahoga App. No. 90214, 2008-Ohio-3081, citing *State v. Goins*, Cuyahoga App. No. 89232, 2007-Ohio-6310.

{¶ 35} Stokes pleaded guilty to one second-degree felony and one third-degree misdemeanor. Each sentence the trial court imposed was within the statutory range for those offenses. R.C. 2929.14(A)(2); R.C. 2929.24(A)(3).

{¶ 36} Moreover, in view of the comments made at the sentencing hearing that Stokes had a lengthy criminal record and previously had served prison terms, this court cannot conclude the trial court abused its discretion when it decided to impose a four-year prison term for these additional two offenses. The trial court noted that Stokes's previous attempts to undergo treatment were unsuccessful, his prior record demonstrated a "violent component,"

and the current offenses also included a "danger element" that could not be ignored. Thus, "the safety of the community" made a four-year prison term appropriate. *State v. Hodge*, Guernsey App. No. 09 CA 23, 2010-Ohio-2717.

{¶ 37} Since his sentence was neither contrary to law nor an abuse of discretion, Stokes's second and third assignments of error, therefore, also are overruled.

{¶ 38} Stokes's convictions and sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR