[Cite as *State v. Kimbrough*, 2012-Ohio-2927.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   97568

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL C. KIMBROUGH

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546878

**BEFORE:**    Boyle, P.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    June 28, 2012

**ATTORNEY FOR APPELLANT**

David V. Patton
P.O. Box 39192
Solon, Ohio   44139-0192


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Scott Zarzycki
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Defendant-appellant, Michael Kimbrough, appeals his conviction and sentence, raising two assignments of error:

"[I.] The trial court committed reversible error in accepting the defendant's guilty plea because the plea was not knowing, voluntary, and intelligent because the defendant was mentally ill and did not understand the terms or consequences of his plea.

"[II.] The trial court prejudicially erred when it failed to merge the kidnapping, rape, and felonious assault counts for sentencing purposes."

**{¶3}** We find these arguments unpersuasive and affirm.

### Procedural History and Facts

**{¶4}** In February 2011, Kimbrough was indicted on seven counts: kidnapping, in violation of R.C. 2905.01(A)(4); three counts of rape, in violation of R.C. 2907.02(A)(2); attempted rape, in violation of R.C. 2907.02(A)(2); gross sexual imposition, in violation of R.C. 2907.05(A)(1); and felonious assault, in violation of R.C. 2903.11(A)(1). All of the counts carried various specifications, including sexual motivation, repeat violent offender, and sexual violent predator specifications.

**{¶5}** The facts giving rise to the indictment were as follows. On January 28, 2011, the victim, a 15-year-old girl, was walking down Turney Road in Garfield Heights at approximately 9:00 p.m. when she spotted Kimbrough walking toward her. The

victim attempted to deflect Kimbrough's advances, asking him to leave her alone. The victim walked to the corner of Turney Road and Garfield Boulevard, where Kimbrough eventually caught up to her and threw her into a glass-enclosed bus shelter. He then forced the victim to perform oral sex on him. According to the state, this lasted for approximately ten minutes at which point Kimbrough ordered the victim to stand up and turn around. The victim attempted to flee but Kimbrough grabbed her and threw her into the bus shelter, causing the victim to hit her head on the glass and her lower back on the bench. Kimbrough forced the victim to perform oral sex again and then ultimately pulled down the victim's pants and digitally penetrated her.

{¶6} During the assault, the victim was able to dial 911 on her cell phone, resulting in the police being notified and responding to the scene. Kimbrough was immediately arrested, and the victim was taken to the hospital.

{¶7} In March 2011, Kimbrough was referred to the court's psychiatric clinic for a competency to stand trial and sanity evaluation. Kimbrough had been previously diagnosed with schizophrenia and major depressive disorders. Following the referral, he was also transferred to the mental health docket. Kimbrough further obtained a private independent examination as to his competency to stand trial and sanity. Both the state and Kimbrough ultimately stipulated to the reports of the examiners, including their competency finding.

{¶8} Kimbrough later appeared before the court on a change of plea hearing. Under a plea agreement reached with the state, Kimbrough pleaded guilty to single counts

of rape, felonious assault, and kidnapping. The kidnapping also carried a sexual motivation specification. All other counts and specifications were nolled. After conducting a lengthy colloquy advising Kimbrough of his constitutional and nonconstitutional rights, including the maximum penalty that Kimbrough faced under each count, the trial court accepted Kimbrough's plea of guilty.

{¶9} Prior to sentencing, the trial court asked the parties to brief the issue of allied offenses and whether any of these counts merged. While the state contended that none of the offenses merged, Kimbrough argued that all three should merge because they were all committed with the same animus as part of the same transaction.

{¶10} The trial court found that the felonious assault and kidnapping counts merged. The state elected to move forward on the kidnapping count. The trial court sentenced Kimbrough nine years on the rape count and nine years on the kidnapping count, to run consecutive to one another for a total term of 18 years in prison.

{¶11} Kimbrough now appeals his conviction and sentence.

<u>Guilty Plea</u>

{¶12} In his first assignment of error, Kimbrough argues that the trial court erred in accepting his guilty plea because the plea was not knowingly, voluntarily, and intelligently made. He contends that his mental illnesses combined with the medication that he was taking precluded him from understanding the consequences of his guilty plea. We find his argument unpersuasive.

{¶13} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶14} Crim.R. 11(C)(2) requires a court, prior to accepting a guilty plea, to address the defendant personally; the court must specify each of the constitutional rights the defendant is waiving by entering his plea, and, further, must determine, in pertinent part, that "he is making the plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved," that "he understands the effect of his plea of guilty" and that he understands the court "may proceed to judgment and sentence." *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶15} Kimbrough contends that he did not understand the consequences of his plea as evidenced by his stated confusion regarding postrelease control and the reporting requirements for a sexual offender. He further claims that he repeatedly misstated the possible sentencing ranges for kidnapping and rape, further evidencing his lack of understanding of the consequences of his plea. He alludes that he was incapable of understanding based on his minimal education, mental illnesses, and the medication that he was taking. But in reviewing the entire record, we find that these arguments have no merit.

{¶16} To the extent that Kimbrough expressed confusion between post-release control and the reporting requirements of a Tier III sexual offender, the record reveals that the trial court answered Kimbrough's questions, eliminating any confusion that he may have had. Additionally, while Kimbrough expressed some confusion regarding the concept of merger as it relates to allied offenses, the trial court again addressed Kimbrough's confusion and answered his questions until Kimbrough indicated that he understood. In discussing merger, the trial court explained the maximum penalty for each offense and the possibility that some of the counts may merge, resulting in a lower possible sentence, but also emphasized that the counts may not merge, resulting in a possible sentence of 28 years in prison. Notably, however, it was not necessary for Kimbrough to understand the doctrine of merger in order to knowingly, voluntarily, and intelligently understand the consequences of his plea.

{¶17} Contrary to Kimbrough's assertion on appeal, we find his very questioning of these aspects of his sentence during the plea colloquy demonstrates that he understood what the trial court said. Indeed, in this case, the record reflects that the trial court complied literally with every part of Crim.R. 11(C)(2). And Kimbrough appropriately responded to the trial court's questioning, including correctly answering the trial court's questions as to the range of sentence for each count. We find absolutely no evidence in the record to corroborate Kimbrough's claim on appeal that he did not understand the maximum possible sentence that he could receive as a result of his guilty plea. Here, the court's literal compliance, along with Kimbrough's assurances and completely

appropriate responses during the colloquy, "necessarily means that, under the totality of the circumstances, he subjectively understood the implications of his plea." *State v. Stokes*, 8th Dist. No. 95488, 2011-Ohio-2531, ¶ 28.

**{¶18}** We further find no evidence that Kimbrough's taking of psychotropic drugs precluded him from understanding what the trial court was explaining. In fact, in answering the trial court's questions, Kimbrough expressly indicated that he was taking psychotropic drugs that were helping him — he indicated that he felt well and was thinking clearly. Under these circumstances, the trial court cannot be faulted for accepting Kimbrough's plea. *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 66-68.

**{¶19}** The first assignment of error is overruled.

## Allied Offenses

**{¶20}** In his second assignment of error, Kimbrough argues that the trial court erred in failing to merge all three counts as allied offenses. He contends that all three crimes occurred as part of the same single transaction and with the same single animus. We disagree.

**{¶21}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court held that a trial court must consider the defendant's conduct to determine whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25.

> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same

conduct, i.e., "a single act, committed with a single state of mind." If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

*Id.* at ¶ 49-50, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50.

**{¶22}** Here, the trial court found that kidnapping and felonious assault were allied offenses. The only issue on appeal is whether the trial court should have also merged the rape count as well. Kimbrough contends that it should have because the rape, kidnapping, and felonious assault "correspond to such a degree"; he argues that all three crimes were "part and parcel of the same occurrence." According to Kimbrough, a conviction for kidnapping under R.C. 2905.01(A)(4)[1] must always merge with a rape count under R.C. 2907.02(A)(2).[2] We disagree.

**{¶23}** While there is no dispute that rape, in violation of R.C. 2907.02(A)(2), and kidnapping, in violation of R.C. 2905.01(A)(4), may be allied offenses in some cases as defined under the *Johnson* test, the critical issue is whether the crimes in this case were committed with the same animus. *See State v. Ortiz*, 8th Dist. No. 95026, 2011-Ohio-1238. In deciding whether the kidnapping was committed with a separate animus, a trial court should consider the circumstances surrounding the restraint and

---

[1] This statute provides that "[n]o person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * [t]o engage in sexual activity as defined in section 2907.01 of the Revised Code, with the victim against the victim's will."

[2] This statute provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

confinement as well as any additional risk of harm to the victim. *Id.* Relying on the Ohio Supreme Court's holding in *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), this court adopted the following guidelines to establish whether kidnapping and an offense of the same or similar import are committed with separate animus:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Ortiz* at ¶ 16, quoting *Logan* at syllabus.

{¶24} This is not a case where the kidnapping was incidental to the underlying rape. The record reveals that the victim was held captive for nearly an hour, that she sustained a serious injury to her head and back upon trying to escape, and that she was forced to perform oral sex on more than one occasion. She was further digitally penetrated separate from having to perform oral sex during her captivity. Under these circumstances, we cannot say that the single count of kidnapping was incidental to a single count of rape.

{¶25} The second assignment of error is overruled.

{¶26} In sum, we find that Kimbrough's guilty plea was knowingly, voluntarily, and intelligently made and that the trial court properly determined that the rape and kidnapping counts were not allied offenes.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR