[Cite as *State v. Kimbrough*, 2012-Ohio-4931.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   97568

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL C. KIMBROUGH

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-546878
Application for Reopening
Motion No. 459002

**RELEASE DATE:**     October 24, 2012

**FOR APPELLANT**

Michael C. Kimbrough, pro se
Inmate No. 620-083
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio    44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Scott Zarzycki
            Mark J. Mahoney
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

{¶1} On Friday, September 28, 2012, the applicant, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Kimbrough*, 8th Dist. No. 97568, 2012-Ohio-2927, in which this court affirmed Kimbrough's convictions and sentences for rape, kidnapping, and felonious assault.[1] Kimbrough now argues that his appellate counsel was ineffective for not arguing that the trial judge did not properly inform him about postrelease control and that the trial judge did not properly justify consecutive sentences. On October 9, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the present case, this court journalized its decision on June 28, 2012, and Kimbrough filed his application on September 28, 2012, two days beyond the 90-day limitation. (Two days

---

[1] The grand jury indicted Kimbrough for multiple counts of rape, attempted rape, kidnapping, gross sexual imposition, and felonious assault. He pleaded guilty to one count each of rape, kidnapping, and felonious assault. The trial judge merged kidnapping and felonious assault as allied offenses and sentenced Kimbrough to nine years each on rape and kidnapping to run consecutively. On appeal, he argued that his plea was not knowingly, intelligently, and voluntarily made and that all three charges should have been merged.

in June, plus 31 days in July, plus 31 days in August, plus 28 days in September, equals 92 days.) Thus, it is untimely on its face. Kimbrough does not proffer any good cause.

{¶3} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate counsel continued to represent them, and their appellate counsel could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Moreover, this court has denied applications to reopen even if they are filed only two days late. *State v. Gray,* 8th Dist. No. 90981, 2009-Ohio-4360.

{¶4} Accordingly, this court denies the application to reopen.

_____
MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR