CITY OF CLEVELAND, APPELLANT, *v.* SCOTT, APPELLEE.

(No. 44799—Decided January 20, 1983.)

*Mr. Jose Feliciano,* city prosecutor, and *Ms. Emanuella Groves,* for appellant.

*Mr. Jay White,* for appellee.

CORRIGAN, J. Defendant-appellee, Walter Scott, pleaded no contest in Cleveland Municipal Court to violations of R.C. 4301.58(B) (selling, keeping, or possessing alcohol for sale without permit) and R.C. 4399.09 (keeping a place where liquor is sold in violation of law). For each violation the court imposed a fine of $100, with $50 suspended.[1]

From this judgment the city of Cleveland appeals, assigning one error for our review:

"I. The trial court erred in holding that the mandatory fine enacted for keeping a place where intoxicating liquors are sold is unconstitutional."[2]

This assignment of error is raised in response to the trial court's apparent opinion that the legislature cannot mandate sentences. The state trial judges and magistrates do not have inherent or statutory power to set aside legislatively enacted sentences. See *State, ex rel. Gordon,* v. *Zangerle* (1940), 136 Ohio St. 371 [16 O.O. 536]. The discretionary power of judges to sentence is granted by the legislature and can be circumscribed by the legislature. See *State, ex rel. Gordon,* v. *Zangerle, supra; Municipal Court of Toledo* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103. In *Ex Parte United States* (1947), 242 U.S. 27, the Supreme Court held that the authority to define and fix the punishment for a crime belongs indisputably to the legislature. *Id.* at 42.[3]

---

[1] Because of the lack of factual context, the court is unable to consider the defendant's suggestion that the statutory violations are allied offenses. Cf. *Weaver* v. *State* (1906), 74 Ohio St. 53.

[2] The violation of R.C. 4301.58 — activities prohibited without a permit — is apparently not being appealed. Its penalty provision, R.C. 4301.99(C), classifies such a violation as a misdemeanor of the first degree, punishable under R.C. 2929.21(C)(1) by a fine of not more than $1,000.

[3] The court offered the following rationale for this proposition:

"* * * [I]f it be that the plain legislative command fixing a specific punishment for crime is subject to be permanently set aside by an implied judicial power upon considerations extraneous to the legality of the conviction, it would seem necessarily to follow that there

Thus, the legislature did not violate the separation of powers doctrine when it established mandatory sentences for certain liquor law violations as contained in R.C. 4399.99.

While we recognize that a reviewing court should not decide a constitutional question if a decision can be reached without reference to the question, we equally maintain that a trial court judge has even less authority to decide the constitutionality of a statute, especially when the issue is not raised by either party and the record is devoid of any legal basis for summarily declaring the statute unconstitutional. The trial court's decision in the instant case was rendered as follows:

"THE COURT: * * * Found guilty. $50.00 and costs.

"THE BAILIFF: Mandatory.

"THE COURT: I think that's unconstitutional, too. $50.00 and costs. Actually, I'll make it mandatory, and suspend the $50.00."

The Ohio Supreme Court has upheld the constitutionality of mandatory fines without possibility of suspension, *Madjorous* v. *State* (1925), 113 Ohio St. 427, and we likewise uphold R.C. 4399.99 and overrule the decision below.

Although R.C. 4399.99(C) does not expressly disallow suspension of sentence, we adopt a literal interpretation of this penalty provision which states:

"Whoever violates section 4399.09 of the Revised Code *shall* be fined *not less than* one hundred * * * dollars." (Emphasis added.)

Furthermore, unlike the liquor law violations of R.C. Chapter 4301 *et seq.* which are classified as felonies and misdemeanors and penalized pursuant to R.C. Title 29 provisions, the violation in question, R.C. 4399.09, is governed solely by the penalty provisions of R.C. 4399.99(C) which noticeably lack any classification of the violation as a felony or misdemeanor, any cross-reference to R.C. Title 29 for penalties, or any provision allowing suspension of sentences contained within R.C. Title 43.[4] Thus, we interpret this statutory scheme as the legislative directive to punish a violation of R.C. 4399.09 strictly according to the terms of R.C. 4399.99(C). Since these terms plainly command a fine of "not less than" $100, we reverse the trial court's suspension of $50 of the minimum penalty imposed upon appellee for his violation of R.C. 4399.09.

Accordingly, the judgment is reversed and the cause is remanded for imposition of the full minimum penalty mandated by R.C. 4399.99(C).

*Judgment reversed and cause remanded.*

PRYATEL, C.J., concurs.

DAY, J., dissents.

DAY, J., dissenting. Respectfully, I dissent. In my view the appropriate disposition is affirmance. I would write the rationale for judgment this way—

could be likewise implied a discretionary authority to permanently refuse to try a criminal charge because of the conclusion that a particular act made criminal by law ought not to be treated as criminal. And thus it would come to pass that the possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced." *Ex Parte United States,* at 42.

[4] R.C. Title 29, on the other hand, contains a provision by which the legislature vests discretion in the trial court in fixing suspension terms. *State* v. *Brewer* (1944), 75 Ohio App. 329, 333 [31 O.O. 105]. R.C. 2929.51(E) allows that:

"At the time of sentencing and after sentencing, when a fine is imposed, the court may:

"(1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender; * * *."

The defendant-appellee, Walter Scott (defendant), plead no contest in Cleveland Municipal Court to violations of R.C. 4301.58(B) (selling, keeping, or possessing alcohol for sale without permit), and R.C. 4399.09 (keeping a place where liquor is sold in violation of law). For each violation the court imposed a fine of $100, $50 suspended.[5]

From this judgment the city of Cleveland appeals, assigning one error:

"The trial court erred in suspending part of the mandatory fine imposed under Ohio Revised Code Sec. 4399.99, for keeping a place where intoxicating liquors are sold."

For the reasons adduced, the judgment is affirmed.[6]

## I

R.C. 4399.99(C) provides:

"Whoever violates section 4399.09 of the Revised Code shall be fined not less than one hundred nor more than five hundred dollars; for each subsequent offense such person shall be fined not less than two hundred nor more than five hundred dollars."

This section does not expressly disallow suspension of sentence.[7] Therefore, R.C. 2929.51(E) applies:

"At the time of sentencing and after sentencing, when a fine is imposed, the court may:

"(1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender; * * *."

Since the $50 suspension for violation of R.C. 4399.09 was within the trial court's discretion, State v. Brewer (1944), 75 Ohio App. 329, 340-341, the assignment of error is without merit.

## II

The judgment should be affirmed.

---

[5] Because of the lack of factual context, the court is unable to consider the defendant's suggestion that the statutory violations are allied offenses. Cf. Weaver v. State (1906), 74 Ohio St. 53.

[6] The city does not assign the declaration of unconstitutionality as error. Therefore, it need not be decided. This conclusion is fortified by the principle that a reviewing court should not decide a constitutional question if a decision can be reached without reference to the question.

[7] When the legislature intends to disallow suspension of sentence, it knows how to do so. Compare R.C. 4399.99(C) with the language of the former R.C. 4301.99(E):

"Whenever a person is found guilty of violating division (A) or (B) of section 4301.58 of the Revised Code, the court, in sentencing such person, shall not remit or suspend, in whole or in part, the penalty provided by this division for such violation." (130 Ohio Laws 1002.)