{¶ 1} After entering pleas of guilty in CR-471304[1] to charges of failure to comply with the order or signal of a police officer and escape, defendant-appellant Curtis Freed now appeals, [2] challenging the trial court's compliance with the requirements of Crim. R. 11.
 {¶ 2} Freed presents three assignments of error, in which he claims his pleas were not knowingly, voluntarily or intelligently made because the trial court failed to state either that, in entering his plea he was "waiving" his constitutional rights and, further, completely admitting his guilt, or that the court could proceed immediately to sentencing.
 {¶ 3} Upon a review of the record, this court disagrees. Consequently, Freed's assignments of error are overruled, and his convictions are affirmed.
 {¶ 4} Freed originally was indicted in this case in October 2005; the indictment was issued in the name of an alias, viz., "Donald McIntosh," but subsequently was amended. The indictment contained two counts that charged him with: 1) failure to comply with the order or signal of a police officer, with a furthermore clause that alleged he had created a substantial risk of harm to persons or property; and, 2) escape.
 {¶ 5} Freed was apprehended and arraigned in September 2007. He entered not guilty pleas to the charges and received assigned counsel to represent him. The record reflects that Freed had many other pending indictments; the same attorney was appointed in the other cases, as well.
 {¶ 6} Approximately two months later, the trial court conducted a plea hearing with respect to seven of Freed's pending indictments, including the instant case. The prosecutor noted for the record the degree of each charge in each case. Defense counsel then informed the court that he had discussed with Freed the circumstances that led to the indictments, that *Page 3 
Freed "was going to accept responsibility on all of these files and enter a plea across the board * * * and then speak to [the court] about sentencing."
 {¶ 7} The trial court proceeded to address Freed, asking him if he heard the prosecutor's and his attorney's statements and understood them, and ensuring he was capable of making intelligent decisions. The court asked Freed if he had read and understood the charges. Freed responded, "Yes."
 {¶ 8} The following exchange thereupon occurred:
 {¶ 9} "THE COURT: All right. Under the law you do have a right to a jury trial. You can try your case to me or a jury. And you understand you have that right? You have a right to be represented by a lawyer. If you could not afford a lawyer a lawyer would be appointed for you. And you understand that is [Defense Counsel], right?
 {¶ 10} "THE DEFENDANT: Correct.
 {¶ 11} "THE COURT: And that you have the right to confront the witnesses in open court. Upon that confrontation you have the right through your lawyer to cross-examine or question those witnesses; do you understand that?
 {¶ 12} "THE DEFENDANT: Yes.
 {¶ 13} "THE COURT: You have the right to use the subpoena process of this Court to require your witnesses to come into Court and testify; you understand that?
 {¶ 14} "THE DEFENDANT: Yes. *Page 4 
 {¶ 15} "THE COURT: Do you also understand that you have a right to testify in your own behalf, but if you decided not to testify the fact that you did not testify could not be commented upon by the prosecutor; you understand that?
 {¶ 16} "THE DEFENDANT: Yes.
 {¶ 17} "THE COURT: You also understand that it is up to the state to prove you guilty beyond a reasonable doubt and you understand that?
 {¶ 18} "THE DEFENDANT: Yes, sir."
 {¶ 19} * * *
 {¶ 20} "THE COURT: All right. In case 471304 the two charges in that failure to comply with the order or signal of a police officer [sic], you understand are both felonies of the third degree. Felonies of the third degree carry anywhere between one and five years and/or a fine of up to $10,000; you understand that?
 {¶ 21} "THE DEFENDANT: Yes. I didn't do that, Your Honor, that one.
 {¶ 22} "THE COURT: Well, are you pleading guilty or not?
 {¶ 23} "THE DEFENDANT: Yes.
 {¶ 24} "THE COURT: I have to ask you that.
 {¶ 25} "THE DEFENDANT: Yes.
 {¶ 26} "THE COURT: Well, that's count — that's 471304.* * *"
 {¶ 27} The trial court listed each case, each charge, the penalty involved in each, and informed Freed he would be subject to postrelease control. The court then asked: "Is there *Page 5 
anything about this case or the proceedings that you do not understand or that you wish this Court to explain more fully? Do you understand everything about the charges so far?" Freed answered, "Yeah." When asked whether he was "guilty or not guilty" of the charges in CR-471304, Freed responded, "Guilty."
 {¶ 28} At the conclusion of the colloquy, the court asked Freed if all of his pleas of guilty were made freely and voluntarily and of his own free will. Freed stated, "Yes, your Honor." The court accepted Freed's pleas and, without objection, proceeded to sentencing. Defense counsel requested "leniency" on his client's behalf; Freed told the court that he was "done" with his life of crime and that he wanted to "stop the cycle."
 {¶ 29} As to the sentence in CR-471304, the court imposed "sentences of one year [on each count], those are mandatory consecutive." The sentences in Freed's remaining six cases were ordered to run concurrently to each other.
 {¶ 30} On appeal from his convictions in CR-471304, Freed presents the following three assignments of error:
 {¶ 31} "I. The trial court violated appellant's constitutional rightsto due process by failing to follow the mandates ofCrim. R. 11(C)(2)(c).
 {¶ 32} "II. The trial court failed to inform appellant that his guiltyplea would constitute a complete admission of guilt.
 {¶ 33} "III. The trial court failed to advise appellant that uponacceptance of his guilty plea, the court could proceed with judgment andsentence." *Page 6 
 {¶ 34} Freed argues his convictions should be reversed on the basis the trial court failed adequately to comply with the duties imposed by Crim. R. 11.
 {¶ 35} He contends the trial court did not provide all the information necessary concerning the "effect" of pleading guilty, since the court never directly stated that in entering his plea, he was "waiving" his constitutional rights, "completely" admitting his guilt, and it had the prerogative to proceed immediately to sentencing. As the foregoing quotes from the transcript of his plea hearing reveal, however, his contention lacks merit.
 {¶ 36} Crim. R. 11(C) provides in relevant part:
"RULE 11. Pleas, Rights Upon Plea
 * * * (C) Pleas of guilty and no contest in felony cases.
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or a plea of no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 7 
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
(Emphasis added.)
 {¶ 37} With respect to an explanation of constitutional rights, a trial court strictly must comply with the dictates of Crim. R. 11 (C)(2)(c). State v. Veney, Slip Op. No. 2008-Ohio-5200; State v. Arnold(July 16, 1998), Cuyahoga App. No. 72813; State v. Colbert (1991), 71 Ohio App.3d 734. That does not mean, however, the rule's exact language must be used. State v. Arnold, supra; State v. Johnson, Cuyahoga App. No. 89464, 2008-Ohio-446, ¶ 9. Rather, the focus upon review is whether the record shows the trial court explained "in a manner reasonably intelligible to that defendant" the consequences of his plea. State v.Ballard (1981), 66 Ohio St.2d 473, cited with approval, State v.Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 76. *Page 8 
 {¶ 38} A review of the transcript of the plea hearing demonstrates the trial court outlined for Freed each of the constitutional rights he possessed prior to the entry of his plea. From the context, it is clear that Freed understood that by entering his plea, he was relinquishing those rights. It thus was unnecessary for the trial court toexplicitly state the words, "You are waiving these rights." State v.Ballard, supra; State v. Rakoczy, Cuyahoga App. Nos. 79998, 79999, 2002-Ohio-1405.
 {¶ 39} Similarly, although Freed commented during the portion of the colloquy that related to this case that he "did not do that one," the context of his remark fails to support a conclusion that he actually was claiming innocence. The trial court halted and asked him if he was "pleading guilty or not." (Emphasis added.) Instead of expanding upon his comment, Freed answered, "Yes." His answer made it unnecessary for the court to state specifically that he was making a "complete admission of guilt" to the offenses. State v. Griggs, 104 Ohio St.3d 85,2004-Ohio-4415; State v. Vanover, Clark App. No. 2005 CA 118,2007-Ohio-1057; see also, State v. Gore (July 2, 1992), Cuyahoga App. No. 60760.
 {¶ 40} The record also reflects the trial court's substantial compliance with the requirements of Crim. R. 11(C)(2)(b). State v.Nero (1990), 56 Ohio St.3d 106; State v. Stewart (1977),51 Ohio St.2d 86.
 {¶ 41} In this case, neither Freed nor his attorney expressed any surprise, let alone any objection, when the trial court proceeded to sentence Freed on each and every one of the cases involved in the plea hearing. Freed's contention that he did not comprehend the trial *Page 9 
court's prerogative to proceed directly to sentencing, therefore, is impossible to credit. State v. Rakoczy, supra.
 {¶ 42} Since the trial court thus properly fulfilled its duties at Freed's plea hearing, his guilty plea was knowingly, voluntarily and intelligently made. His assignments of error, accordingly, are overruled.
 {¶ 43} Freed's convictions and sentences are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] Freed originally filed his notice of appeal from his convictions in only this case, but later requested to amend his notice to include the other cases for which he entered pleas at that same hearing. After this court granted his motion, he changed his mind and filed a motion to limit the appeal again to only this case. Again, this court granted Freed's motion.
[2] Freed is proceeding pro se. *Page 1