[Cite as *State v. Rodgers*, 2011-Ohio-2535.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95560**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DESHAWN RODGERS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-534862

**BEFORE:** Rocco, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

-i-

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Mary McGrath
        Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} After entering guilty pleas to charges of attempted felonious assault and theft of a motor vehicle, defendant-appellant Deshawn Rodgers appeals from his convictions and sentence.

**{¶ 2}** Rodgers presents seven assignments of error. He asserts his convictions should be reversed and his pleas and sentence should be vacated because the trial court: 1) failed to fully inform him regarding postrelease control; 2) summarily overruled his motion to vacate and withdraw his plea; 3) failed to fully inform him of the effect of his plea; 4) failed to ensure that he understood the nature of the offenses before accepting his plea; 5) based its sentence on facts "not alleged in the indictment"; 6) assessed court costs against him; and, 7) did not obtain his consent before sentencing him, because it was not the same judge who accepted his plea.

**{¶ 3}** Upon a review of the record, this court finds no reversible error occurred with respect to Rodgers's guilty pleas. However, the trial court erred when it included the imposition of court costs in the judgment entry of sentence, since the court did not afford Rodgers the opportunity to claim indigency. In all other respects, the sentence is affirmed. This case, therefore, is remanded for proceedings consistent with this opinion.

**{¶ 4}** Rodgers originally was indicted in this case on seven counts. He was charged with four counts of felonious assault, one count of theft of a motor vehicle, one count of criminal damaging or endangering, and one count of falsification. After the parties exchanged discovery, the state notified the trial court that a plea agreement had been reached.

{¶ 5}  The record reflects the assigned judge was unavailable at this time, so a visiting judge conducted a hearing on the matter.  The prosecutor explained the state's offer, i.e., in exchange for Rodgers's guilty plea to Count 1, amended to include the attempt statute and all four victims' names, and to Count 4, theft of a motor vehicle, the state would dismiss the remaining counts.

{¶ 6}  The trial court conducted a colloquy with Rodgers.  The court informed him of the constitutional rights he was waiving, the maximum penalties involved, and cautioned him that his sentence would be imposed by the assigned judge.  Rodgers indicated his understanding, and entered guilty pleas to the two counts.  The trial court accepted his pleas, dismissed the other five counts, and referred him for a presentence report.

{¶ 7}  When Rodgers's case was called for sentencing, the assigned judge listened to the statements of one of the named victims, Rodgers's defense counsel, and Rodgers himself before proceeding to describe the circumstances that surrounded the incident that led to Rodgers's convictions in this case.  The trial court further outlined Rodgers's entire criminal record, which included many instances of drug possession, "moving violations," and driving without a valid license.

{¶ 8} Ultimately, the trial court imposed concurrent terms of three years and twelve months. The trial court further included in its journal entry an order for Rodgers to pay court costs.

{¶ 9} A week later, Rodgers filed a motion to "vacate" his plea. In his affidavit attached to his motion, Rodgers asserted his defense attorney had "promised" that he would "receive probation." The trial court denied Rodgers's motion without opinion.

{¶ 10} Rodgers's assignments of error are set forth as follows:

{¶ 11} "I.   Defendant was denied due process of law when the court did not properly inform the defendant concerning post-release [sic] control.

{¶ 12} "II.   Defendant was denied due process of law when the court summarily overruled his motion to vacate and withdraw his plea without conducting a hearing.

{¶ 13} "III.   Defendant was denied due process of law when the court did not inform him of the effect of his plea of guilty.

{¶ 14} "IV. Defendant was denied due process of law when the court failed to determine that defendant understood the nature of the offense [sic] to which he was entering a plea of guilty.

{¶ 15} "V. **Defendant was denied due process of law when the court based its sentencing on facts not alleged in the indictment [and] not admitted by defendant at his plea.**

{¶ 16} "VI. **Defendant was denied due process of law when the court assessed court costs when there was no pronouncement of court costs.**

{¶ 17} "VII. **Defendant was denied due process of law when the court did not waive his right to be sentenced by the same judge who took his plea.**"

{¶ 18} Rodgers's first, third, and fourth assignments of error all present challenges to the propriety of the trial court's actions at his plea hearing; therefore, they will be addressed together. Rodgers argues that, prior to accepting his guilty pleas, the visiting judge did not adequately either inform him concerning postrelease control, describe the effect his pleas would have, or ensure he understood the nature of the offenses to which he was entering pleas.

{¶ 19} Crim.R. 11(C)(2) states:

{¶ 20} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 21} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 22} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 23} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 24} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts make a distinction between constitutional and nonconstitutional rights. *State v. Higgs* (1997), 123 Ohio App.3d 400, 704 N.E.2d 308; *State v. Gibson* (1986), 34 Ohio App.3d 146, 517 N.E.2d 990. The trial court must strictly comply with those

provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Stewart* (1977), 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163; *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E .2d 115, paragraph one of the syllabus.

{¶ 25} For nonconstitutional rights, the trial court must "substantially comply" with the rule's requirements. *Stewart*. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶ 26} Moreover, a defendant who challenges his guilty plea on the basis that it was not knowingly, voluntarily, and intelligently entered must show a prejudicial effect. *State v. Moulton*, Cuyahoga App. No. 93726, 2010-Ohio-4484. The test for prejudice is whether the plea would have otherwise been made. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶ 27} In this case, the record reflects the trial court complied literally with  Crim.R. 11(C)(2) with respect to the constitutional requirements. The trial court further informed Rodgers that if he pleaded guilty to attempted felonious assault, he would be subject to the "possible penalty of incarceration of one to five years in one-year increments, and/or a fine up to $10,000," and

that his guilty plea to a charge of theft of a motor vehicle would subject him to the "possible penalty of incarceration from 6 to 18 months in one-month increments and/or a fine up to $5,000."

{¶ 28} The trial court did not specifically tell Rodgers that his guilty plea constituted a complete admission of his guilt. Nevertheless, this court does not find the omission constituted reversible error. Rodgers had no questions for the court, made no protest that he was innocent, and did not give any indication that he was unaware of this consequence. *State v. Taylor*, Cuyahoga App. No. 94569, 2010-Ohio-5607, ¶5.

{¶ 29} The trial court also neither discussed the "nature of the offenses," nor correctly informed Rodgers that a conviction for a third-degree felony in which there was a risk of physical harm carries a mandatory three-year term of postrelease control. R.C. 2967.28(B)(3). Rather, the trial court told him the felonious assault charge carried the "possibility of three years of Post-Release Control."

{¶ 30} The question thus becomes whether this additional omission and the misstatement caused Rodgers's plea to be invalid. The record in this case reflects Rodgers had the assistance of an experienced defense attorney. Moreover, prior to commencing the colloquy, the trial court invited Rodgers to

"please feel free to interrupt [it] at any time if there [was] anything [he] did not understand."

{¶ 31} Rodgers did not ask the trial court to explain the charges to him. *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399. Furthermore, the record contains no indication "that postrelease control was of particular concern or import" to Rodgers. *State v. Lang*, Cuyahoga App. No. 92099, 2010-Ohio-433, ¶14. Indeed, Rodgers did not raise any of the issues he raises in his first, third, and fourth assignments of error in his motion to withdraw his plea. It must also be noted that, in accepting the state's offer, Rodgers obtained a significant reduction in the charges against him.

{¶ 32} From the foregoing, this court concludes Rodgers waived these arguments for purposes of appeal, and cannot demonstrate any prejudicial effect resulted from the trial court's inexactness.

{¶ 33} Rodgers's first, third, and fourth assignments of error, accordingly, are overruled.

{¶ 34} Rodgers argues in his second assignment of error that the trial court erred in overruling his motion to withdraw his plea without conducting a hearing. Since Rodgers never requested a hearing on his motion, he has

waived this argument on appeal. *State v. Williams* (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364.

**{¶ 35}** Moreover, even were this court to consider Rodgers's argument that his attorney "promised" he would receive probation, the record demonstrates otherwise. See *State v. Steimle* (Dec. 7, 2000), Cuyahoga App. Nos. 77005, 77303, 77006, and 77302. When Rodgers made this declaration at the plea hearing, his attorney clarified what his client had been told. Defense counsel stated that he told Rodgers "probation is possible," because the prosecutor indicated the victim was "not seeking any jail time," however, the matter would be presented to the assigned judge.

**{¶ 36}** Rodgers's second assignment of error, therefore, also is overruled.

**{¶ 37}** In his fifth assignment of error, Rodgers argues that the trial court violated his Sixth Amendment rights during the sentencing hearing. He claims the trial court's description of the circumstances that led to his convictions, as gleaned from the presentence report, was prohibited by the United States Supreme Court's decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed2d 403. This court disagrees.

**{¶ 38}** R.C. 2951.03(B)(3) permits the trial court to state orally the information contained in the presentence report that it relies upon in pronouncing sentence. *State v. Halloman-Cross*, Cuyahoga App. No. 88159,

2007-Ohio-290, ¶43. In this case, the court outlined the incident, listened to Rodgers's excuse for his behavior, then gave a history of Rodgers's many experiences with the criminal justice system. After so stating, the trial court determined Rodgers was not a good candidate for community control sanctions. Crim.R. 32.2.

{¶ 39} The trial court acted within its discretion; therefore, Rodgers's fifth assignment of error also is overruled.

{¶ 40} Rodgers asserts in his sixth assignment of error that, since the trial court failed to impose court costs during the sentencing hearing, it could not properly include them in its judgment entry of sentence. This assignment of error has merit.

{¶ 41} Pursuant to Crim.R. 43(A), a criminal defendant must be present at every stage of his trial, including sentencing. R.C. 2947.23(A) provides: "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs."

{¶ 42} The argument Rodgers raises has been addressed by the Ohio Supreme Court in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278. *Joseph* held that a trial court may not impose court costs in its

sentencing entry when it did not impose those costs on the defendant in open court. The error does not void Rodgers's entire sentence, but mandates that this court remand the case for the limited purpose of notifying Rodgers of the imposition of court costs as required by R.C. 2747.23, and allowing him the opportunity to request a waiver of payment of court costs. *State v. Stevens*, Cuyahoga App. No. 95011, 2011-Ohio-729, ¶8.

**{¶ 43}** Rodgers's sixth assignment of error is sustained.

**{¶ 44}** Rodgers argues in his seventh assignment of error that the assigned trial judge erred in failing to obtain his waiver before sentencing him. He contends that, because a visiting judge accepted his plea, that same judge should have sentenced him.

**{¶ 45}** Rodgers never raised this issue in the trial court, hence, it is waived for purposes of appeal. *State v. Sizemore*, Butler App. No. CA2005-03-081, 2006-Ohio-1434. Rodgers's seventh assignment of error, accordingly, is overruled.

**{¶ 46}** Rodgers's convictions are affirmed. His sentence is affirmed in part, reversed and vacated in part, and this case is remanded for the limited purpose of notifying him of the imposition of court costs, thus providing him the opportunity to claim indigency.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR