[Cite as *State v. Rogers*, 2012-Ohio-2496.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 97093 and 97094**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BILLY ROGERS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**CONVICTIONS AFFIRMED; SENTENCE AFFIRMED IN PART,
VACATED IN PART**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-543805 and CR-548840

**BEFORE:** Rocco, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEY FOR APPELLANT**

Nancy E. Schieman
9368 Sunrise Court
Mentor, Ohio 44060

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Scott Zarzycki
        James Hofelich
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Billy Rogers appeals from his convictions and portions of the sentences imposed after he entered guilty pleas to charges of attempted burglary, breaking and entering, and theft in two cases that were consolidated in the trial court.

{¶2} Rogers presents seven assignments of error. He claims the trial court acted improperly in accepting his pleas, because the court did not first ascertain whether he understood that his pleas constituted a complete admission of guilt and whether they were knowingly, intelligently, and voluntarily made. He claims the trial court erred in failing to conduct a hearing on his "request to withdraw" his pleas. He claims his trial counsel rendered ineffective assistance. He asserts that his offenses in one of his cases were allied pursuant to R.C. 2941.25(A). He claims the trial court should have held a hearing before ordering restitution. Finally, he asserts the trial court exceeded its authority in forbidding him to have contact with the victims.

{¶3} Upon a review of the record, this court finds that the trial court committed no error in either accepting Rogers's guilty pleas, failing to conduct additional hearings, imposing sentence on each count, or ordering restitution. Moreover, Rogers's claim of ineffective assistance of counsel is unsupported. The trial court, however, lacked authority to impose a "no contact" order; therefore, that portion of Rogers's sentence is vacated. Otherwise, Rogers's convictions and sentences are affirmed.

{¶4} Rogers originally was indicted in November 2010 in case number CR-543805 on two counts, viz., burglary and theft of property in an amount less than $500.00. Rogers entered pleas of not guilty and received the services of assigned counsel. After two months, however, Rogers filed a pro se motion complaining that his assigned counsel was not representing him to his satisfaction. The trial court permitted Rogers's original counsel to withdraw from the case and appointed a new attorney. The court also referred Rogers to the psychiatric clinic to determine his eligibility for transfer to the "mental health" court docket. Rogers's case was transferred the following month.

{¶5} In April 2011, Rogers was indicted with a codefendant in case number CR-548840. Rogers was charged with two counts of breaking and entering and one count of theft, with the value of the stolen property placed at between $5000.00 and $100,000.00. After he pleaded not guilty to these new charges, the case was assigned to the same trial court that was presiding over Rogers's prior case. Consequently, Rogers's assigned counsel represented Rogers in the new case, as well.

{¶6} On May 23, 2011, the parties notified the trial court that a plea agreement had been reached. As outlined by the prosecutor, in exchange for Rogers's guilty plea to Count 1 in CR-543805, the state would amend the charge to include the attempt statute and would dismiss Count 2. In exchange for Rogers's guilty pleas to Counts 2 and 3 in CR-548840, the state would dismiss the first count. The plea agreement with respect to CR-548840 included restitution; Rogers and his codefendant jointly would owe

$11,058.00 to the victim in that case. Rogers's defense attorney concurred with the prosecutor's statements.

{¶7} The trial court proceeded to address Rogers. Rogers indicated that, although he was taking "psych medication," he responded "yes, ma'am, I am" when the court asked if he were "thinking clearly today?" The trial court made sure that Rogers was "medication compliant" and that the medications were "helping" Rogers before continuing with the Crim.R. 11(C) colloquy.

{¶8} After a thorough explanation of the constitutional rights Rogers would be waiving in entering his pleas and the potential penalties involved, the trial court accepted Rogers's guilty pleas to the amended indictments. The trial court referred Rogers for both presentence and "mitigation of penalty" reports before concluding the hearing.

{¶9} Rogers's cases were called for sentencing on June 28, 2011. At the outset of the hearing, the trial court noted Rogers had been diagnosed with "schizoeffective [sic] disorder, poly-substance dependence, borderline intellectual functioning," and a "mental illness marked by psychotic symptoms," so he had been transferred to the mental health court docket. The trial court then permitted the victim in case number CR-548840 to place comments on the record. The prosecutor provided a recitation of the facts surrounding case number CR-543805.

{¶10} After Rogers's defense attorney spoke on his behalf, Rogers told the trial court he was "sorry" for "doing what [he] did" to the victims and promised "to make

payments" to atone for his crimes. He asked the trial court to "give [him] help, some kind of chance to get some kind of treatment" for his drug addiction.

{¶11} The trial court prefaced its decision with respect to Rogers's sentences in these cases by reciting his criminal history. The court also asked if the parties agreed concerning the restitution amounts in both cases. The court then imposed a four-year prison term in case number CR-543805, to be served consecutively with concurrent terms of eighteen months and one year in case number CR-548840, ordered Rogers to pay restitution in the agreed amounts, and further ordered Rogers to have "no contact, directly or indirectly, with anyone [he] victimized."

{¶12} Rogers appeals from his convictions and sentences with the following assignments of error.

"I.   The trial court erred by accepting Appellant's plea of guilty without first informing Appellant that a plea of guilty constituted an admission of guilt.

"II.   The trial court erred by accepting Appellant's guilty plea without first ensuring the plea was knowingly, intelligently, and voluntarily made.

"III.   The trial court abused its discretion by not holding a hearing on Appellant's request to withdraw his guilty plea made prior to the imposition of sentence.

"IV.   Appellant was deprived of his constitutional right to effective assistance of counsel in the plea proceedings.

**"V.   The trial court erred by failing to determine that grand theft and breaking and entering are allied offenses of similar import and by imposing separate sentences for the offenses.**

**"VI.   The trial court erred by not determining whether the amount of restitution ordered was reasonable and supported by competent, credible evidence.**

**"VII.   The trial court exceeded its authority by ordering Appellant to have no contact with the victims."**

**{¶13}** Rogers's first and second assignments of error present challenges to the propriety of the trial court's actions at his plea hearing; therefore, they will be addressed together.  Rogers argues that, prior to accepting his guilty pleas, the  trial court did not adequately either describe the effect his pleas would have, or ensure his mental state allowed knowing, intelligent, and voluntary pleas.

**{¶14}** Crim.R. 11(C) states in pertinent part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing;
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence;
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to

prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶15}** In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts make a distinction between constitutional and nonconstitutional rights. *State v. Higgs*, 123 Ohio App.3d 400, 704 N.E.2d 308 (11th Dist. 1997); *State v. Gibson*, 34 Ohio App.3d 146, 517 N.E.2d 990 (8th Dist. 1986). The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Stewart*, 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163 (1977); *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus (1981).

**{¶16}** For nonconstitutional rights, the trial court must "substantially comply" with the rule's requirements. *Stewart*. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶17}** Moreover, a defendant who challenges his guilty plea on the basis that it was not knowingly, voluntarily, and intelligently entered must show a prejudicial effect. *State v. Moulton*, 8th Dist. No. 93726, 2010-Ohio-4484. The test for prejudice is whether the plea would have otherwise been made. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶18}** In this case, the record reflects the trial court complied literally with Crim.R. 11(C)(2) with respect to the constitutional requirements. The trial court also correctly advised Rogers of the potential penalties involved.

**{¶19}** Although the trial court did not specifically tell Rogers that his guilty plea constituted a complete admission of his guilt, this court does not find the omission constituted error. Rogers had no questions for the court, made no protest that he was innocent, and did not give any indication that he was unaware of this consequence; certainly, the word "guilty" implies an acknowledgment of guilt. *State v. Rodgers*, 8th Dist. No. 95560, 2011-Ohio-2535, ¶ 28, citing *State v. Taylor*, 8th Dist. No. 94569, 2010-Ohio-5607, ¶ 5; *State v. Freed*, 8th Dist. No. 90720, 2008-Ohio-5742.

**{¶20}** Similarly, although Rogers argues that the trial court should have more thoroughly determined whether his mental state interfered with his understanding of the plea proceeding, in view of the trial court's careful compliance with Crim.R. 11(C)(2), this court disagrees. The record reflects the trial court asked Rogers about his medications and the clarity of his thinking before beginning the colloquy. *State v. Stokes*, 8th Dist. No. 95488, 2011-Ohio-2531, citing *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064. Rogers's assurances and the appropriateness of his responses during the colloquy demonstrated that, under the totality of the circumstances, he understood the implications of his pleas. *Stokes*.

**{¶21}** Rogers's first and second assignments of error, accordingly, are overruled.

**{¶22}** In his third assignment of error, Rogers argues that the trial court should have addressed his request to withdraw his pleas before proceeding with the sentencing hearing. However, Rogers's "request" was presented only in a letter addressed to the trial court that Rogers dated "6/10/11."

**{¶23}** At the June 28, 2011 sentencing hearing, Rogers neither made a formal motion to withdraw his guilty pleas nor even mentioned his letter. Under these circumstances, the trial court had no duty to conduct a hearing on his request. *Rodgers*, 8th Dist. No. 95560, 2011-Ohio-2535, ¶ 34.

**{¶24}** Rogers's third assignment of error also is overruled.

**{¶25}** Rogers claims in his fourth assignment of error that his second assigned trial counsel "induced" him to plead guilty to the charges by trickery. Regarding an argument such as Rogers makes in this case, the court made the following observations in *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist. 1991):

> In determining whether counsel was constitutionally ineffective, the central issue in any case is whether an accused had a fair trial and substantial justice was done. *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304. An accused is denied his right to a fair trial if his counsel fails to play the role necessary to ensure that the accused enjoys the benefits of the adversarial process which the law affords him for testing the charges brought by the state. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
> * * * [D]etermination of th[e] issue [appellant presents] necessarily depends on matters not in the record before us. We decline to accept appellant's statement of them, * * * as they concern appellant's private conversations with counsel and could not be a part of the trial record in this case. They may be made in a proper motion for postconviction relief pursuant to R.C. 2953.21.

**{¶26}** For the foregoing reason, Rogers's fourth assignment of error also is overruled. *State v. Devine*, 8th Dist. No. 92590, 2009-Ohio-5825.

**{¶27}** In his fifth assignment of error, Rogers argues that the two offenses to which he pleaded guilty in case number CR-548840 were allied offenses pursuant to R.C. 2941.25(A).

**{¶28}** According to the holding in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, a court of appeals should review, even in the context of a plea agreement, whether multiple counts in the plea agreement constitute allied offenses, or whether those offenses were committed with separate animus that may be punished separately. However, this court recently stated in *State v. Snuffer*, 8th Dist. Nos. 96480-83, 2011-Ohio-6430, ¶ 9-11:

> Snuffer did not object to his sentence, so we review for plain error. See *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. Plain error exists only when it is obvious on the record. See *State v. Tichon* (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Snuffer pleaded guilty to the indictment, thus admitting the facts as charged in the indictment and obviating the need for any factual basis for the plea. *State v. Kent* (1980), 68 Ohio App.2d 151, 156, 428 N.E.2d 453. As he concedes, he offered no other facts at sentencing, so the record on appeal is such that we cannot say that plain error in failing to merge the sentences was "obvious."
>
> We are aware that in *State v. Masters*, 8th Dist. No. 95120, 2011-Ohio-937, a panel of this court cited to *Underwood* for the proposition that the "trial court should have inquired into the facts when accepting Masters's plea to all charges in order to determine whether any of the offenses were allied." *Id.* at ¶ 9. The holding that the court must inquire into the facts during a plea hearing cannot be reconciled with Crim.R. 11(C), which does not require a factual basis for a guilty plea. Implicit within Crim.R. 11(C), is the idea that a guilty plea constitutes a full admission of factual guilt that obviates the need for a fact-finding trial on the charges. *State v. Wilson* (1979), 58 Ohio St.2d 52, 388 N.E.2d 745, paragraph one of the syllabus. Moreover, *Masters* failed to grasp that merger of offenses is a sentencing issue, not a plea issue, see *Cleveland v. Scott* (1983), 8

Ohio App.3d 358, 359, 457 N.E.2d 351, so even if a factual inquiry had to be made, it could only occur during sentencing, not during the plea hearing. Masters assumed the existence of plain error despite acknowledging that "there are insufficient facts in the record for this court to [find whether offenses are allied] in the instant case." *Id.* As noted, plain error exists only when it is "obvious" in the record. *Masters* found the opposite—that the absence of facts raised an issue of fact that the court needed to resolve on remand—thus showing that the error could not have been "plain" on the face of the record. Finally, unlike in *Underwood*, there was no direct concession from the state that the offenses were allied—in *Masters* the state only conceded that "unless a separate animus exists" the charged offenses would be allied. *Id.* The state did not concede that Masters's offenses were allied, only that the offenses might be allied had there been facts showing that Masters committed them with a single animus.

  For the foregoing reasons, we find that Snuffer failed to offer any evidence to make an obvious case for plain error in the court's failure to merge the theft and forgery counts in CR-539285.

**{¶29}** *See also State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804, ¶ 13; *compare*, *State v. James*, 2d Dist. No. 11 CAA 05 0045, 2012-Ohio-966 (burglary and theft merged based upon trial evidence).

**{¶30}** At any event, with respect to R.C. 2941.25, the Ohio Supreme Court stated in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at paragraph one of the syllabus, that the following is the appropriate analysis:

> When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)

**{¶31}** In this case, as described by the victim during the sentencing hearing, the circumstances indicated Rogers entered the victim's garage, broke into her vehicle, and remained inside the vehicle long enough to smoke a cigarette. Before leaving, he took many pieces of the victim's handmade jewelry from the vehicle.

{¶32} The circumstances surrounding the crimes, i.e., the length of time involved between the breaking and entry into the vehicle and the theft of the particular property therein, thus indicated Rogers had a separate animus for each crime. *State v. Martin*, 8th Dist. No. 95281, 2011-Ohio-222. Consequently, the trial court properly sentenced Rogers on both counts in case number CR-548840. His fifth assignment of error, therefore, also is overruled.

{¶33} Rogers argues in his sixth assignment of error that the trial court should have conducted a hearing prior to ordering a specific amount of restitution in each case. However, because the record reflects Rogers agreed to the specific amount of restitution to be paid to the victim in each case, he has waived this argument on appeal. *State v. Williams*, 8th Dist. No. 93625, 2010-Ohio-3418.

{¶34} In his seventh assignment of error, Rogers complains that the trial court lacked the authority to order, as part of his sentence, that he have no contact with the victims. This court addressed the same argument in *State v. Holly*, 8th Dist. No. 95454, 2011-Ohio-2284, ¶ 21-22, as follows:

> It is well settled that a trial court may only impose a sentence as provided for by law. *State v. Bruno*, 8th Dist. No. 77202, 2001-Ohio-4227, citing *State v. Eberling* (Apr. 9, 1992), 8th Dist. No. 58559. While a "no contact" order may be properly imposed as a sanction pursuant to R.C. 2929.25 when a trial court places a defendant on community controlled sanctions, we find no authority in Ohio sentencing law to allow for such a penalty when imposing a prison term, nor does the state cite to any authority. Once the trial court imposed a prison term and executed Holly's sentence, the authority to impose any "no contact" order following Holly's release from prison lies with the Adult Parole Board. Indeed, Holly faces a mandatory term of three years of postrelease control following his release from prison.

Contrary to Holly's assertion, however, this unlawful part of his sentence does not render his entire sentence void, entitling him to a new sentencing hearing. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Instead, consistent with our authority under R.C. 2953.08(G), we vacate this portion of Holly's sentence that includes an indefinite "no contact" order. The remainder of his sentence * * * we affirm in its entirety.

{¶35} In accord with the foregoing, Rogers's seventh assignment of error is sustained.

{¶36} Rogers's convictions are affirmed. His sentence is affirmed in part and vacated only as to the portion that imposes a "no contact" order.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR