[Cite as *State v. Drake*, 2013-Ohio-1984.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   98640

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIM E. DRAKE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556998

**BEFORE:**   Keough, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 16, 2013

**ATTORNEY FOR APPELLANT**

John W. Hawkins
Parkhill Professional Building
35104 Euclid Avenue, Suite 101
Willoughby, Ohio 44094

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Carl Sullivan
  Adam M. Chaloupka
Assistant County Prosecutors
1200 Ontario Street
Justice Center - 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In this appeal, defendant-appellant, Tim E. Drake, challenges his guilty plea. For the reasons that follow, we affirm.

{¶2} In December 2011, Drake was charged with theft in violation of R.C. 2913.02(A)(3). In June 2012, he withdrew his not guilty plea and pled guilty to the charge as indicted. The trial court sentenced Drake to 60 days of incarceration in the county jail and one year of community control.

{¶3} Drake appeals, contending in his sole assignment of error that he was materially prejudiced by the trial court's failure to comply with Crim.R. 11 when the court failed to inform him that a guilty plea is a complete admission of guilt. Drake also asserts that no factual basis for the offense was established on the record prior to him pleading guilty and that the court did not set forth the legal elements of theft prior to accepting his guilty plea.

{¶4} Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶5}   Courts have divided Crim.R. 11 rights into constitutional and nonconstitutional rights.  Concerning constitutional rights, courts must strictly comply with Crim.R. 11 mandates; for nonconstitutional rights, the standard is substantial compliance.  *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.  Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show prejudicial effect.

*State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93. The test for prejudice is whether the plea would have otherwise been made.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶6} In this case, Drake is challenging the trial court's compliance with respect to the nonconstitutional rights under Crim.R. 11.  Accordingly, Drake must show that the trial court did not substantially comply with Crim.R. 11 and that he suffered some prejudice from the court's omission.

{¶7} Drake first contends that the trial court failed to advise him that a guilty plea is a complete admission of guilt.  In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, the Ohio Supreme Court addressed this precise issue and stated, "* * * we hold that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt.   In such circumstances,

a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial."  *Id*. at ¶ 19.

**{¶8}** In this case, although the trial court did not specifically tell Drake that his guilty plea constituted a complete admission of guilt, this court does not find that the omission constitutes error.  Drake had no questions for the court and made no claims that he was innocent prior to entering his plea of guilty to the theft charge as indicted.  "The word 'guilty' implies an acknowledgment of guilt."  *State v. Rogers*, 8th Dist. Nos. 97093 and 97094, 2012-Ohio-2496, ¶ 19, citing *State v. Rodgers*, 8th Dist. No. 95560, 2011-Ohio-2535.  Drake's assurances and the appropriateness of his responses during the colloquy demonstrated that, under the totality of the circumstances, he understood the implications of his plea.

**{¶9}** Drake also argues that his plea was invalid because the trial court failed to set forth any factual basis for the theft offense and failed to state the elements of theft on the record.

**{¶10}** A trial court is not required pursuant to Crim.R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing.  "Implicit within Crim.R. 11(C), is the idea that a guilty plea constitutes a full admission of factual guilt that obviates the need for a fact-finding trial on the charges."  *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, and 96483, 2011-Ohio-6430, ¶ 10, citing *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus.

**{¶11}** In addition, this court has consistently held that "courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges." *State v. Whitfield*, 8th Dist. No. 81247, 2003-Ohio-1504, ¶ 14, quoting *State v. Cobb*, 8th Dist. No. 76950, 2001-Ohio-4132, *6.

**{¶12}** The totality of the circumstances indicates that Drake understood the charge against him. The record reflects that after the court questioned Drake about his ability to understand and enter his plea, the court advised him of his constitutional rights, the charge against him, and the consequences and penalties associated with his plea. Drake indicated he understood the foregoing and that he had no questions. There is no indication in the record that Drake did not understand the nature of the theft charge against him. Moreover, Drake pled to the indictment as charged; therefore, the elements of the offense he pled guilty to never changed during the course of the proceedings.

**{¶13}** Finally, because the rights contained in Crim.R. 11(C)(2)(a) and (b) are nonconstitutional, Drake must show that he suffered some prejudice in order to invalidate his plea. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 52; *State v. Taylor*, 8th Dist. No. 94569, 2010-Ohio-5607. Drake contends that he did not understand the mental state of theft, and if he did, he would have pled no contest to avoid any appearance of lack of remorse during sentencing.

**{¶14}** The trial court specifically asked during the plea hearing if the change of plea would be to "guilty or no contest." Both the prosecutor and defense counsel agreed

it would be a plea of guilty. Therefore, the record is clear that Drake's intention was to plead guilty. Whether Drake had a change of heart during sentencing does not affect the validity of his plea, especially when the trial court conducted a sentencing hearing on a later date. Moreover, at no time during his plea or sentencing did Drake make any protest of innocence.

{¶15} Accordingly, we find that the trial court substantially complied with Crim.R. 11 in advising Drake of his nonconstitutional rights, and we find that Drake has not demonstrated prejudice such that his plea would not have otherwise been made. His assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and

EILEEN T. GALLAGHER, J., CONCUR